Lanzinger, J.,
dissenting.
{¶ 20} I respectfully dissent and would reverse the judgment of the court of appeals. I would apply Hageman v. Southwest Gen. Health Ctr., 119 Ohio St.3d 185, 2008-Ohio-3343, 893 N.E.2d 153, to reaffirm that “waiver of medical confidentiality for litigation purposes is limited to the specific case for which the records are sought.” Id. at ¶ 20. The medical records in this case are protected by the physician-patient privilege, for although Laurence filed a cross-claim in this case, the cross-claim did not place Laurence’s medical condition at issue.

Hageman v. Southwest Gen. Health Ctr.

{¶ 21} In Hageman, we affirmed the judgment of the court of appeals that reversed the trial court’s entry of summary judgment in favor of an attorney who had disclosed an opposing party’s medical records without authorization. We *263 held that “[a]n attorney may be liable to an opposing party for the unauthorized disclosure of that party’s medical information that was obtained through litigation.” Id. at syllabus.
{¶ 22} The attorney, who represented the wife in a divorce and custody proceeding, obtained the husband’s medical records from his psychiatrist pursuant to a waiver. Later, the attorney gave a copy of those records to the prosecutor for use in a criminal proceeding against the husband. Writing for a plurality of the court, Chief Justice Moyer first set forth the basic policy of confidentiality established in Biddle v. Warren Gen. Hosp., 86 Ohio St.3d 395, 715 N.E.2d 518 (1999). He observed, “If the right to confidentiality is to mean anything, an individual must be able to direct the disclosure of his or her own private information.” Hageman at ¶ 13. In rejecting the same expansive waiver for medical records that the appellees now urge in this case, Chief Justice Moyer stated that “there is neither a legal justification for nor a practical benefit to the proposition that a waiver for a specific, limited purpose is a waiver for another purpose.” Id. at ¶ 14. He explained that “[cjreating an expansive waiver would be inconsistent with the generally recognized confidentiality provisions in Ohio and federal law.” Id. at ¶ 15. Although the husband admitted that he had made his health an issue in the divorce action by filing a cross-claim seeking custody of his minor child, the waiver of the medical privilege was limited to that case and was not effective in the second.
{¶ 23} The majority opinion in the instant case does not take a position on the application of Hageman, although it sets forth the parties’ arguments with respect to this earlier case. I believe that the reasoning expressed in Hageman should apply here as well for the protection of the confidentiality of medical records. Laurence originally waived her privilege in a separate action that was eventually dismissed. She did not file this second ease. She filed only a cross-claim for indemnification.
{¶ 24} The filing of a cross-claim in an indemnification action is not “any other type of civil action” that provides an exception to the physician-patient privilege within the meaning of R.C. 2317.02(B)(l)(a)(iii). When read in context, that section relates to claims in which the patient has placed her medical condition at issue and states that the testimonial privilege will not apply if:
a medical claim, dental claim, chiropractic claim, or optometric claim, as defined in section 2305.113 of the Revised Code, an action for wrongful death, any other type of civil action, or a claim under Chapter 4123. of the Revised Code is filed by the patient, the personal representative of the estate of the patient if deceased, or the patient’s guardian or other legal representative.
*264 Smith Marshall, L.L.P., and Philip J. Weaver, for appellees Todd L. Leopold and Linda Leopold.
Ritter, Robinson, McCready & James, Ltd., and Shannon J. George; and Bruce S. Goldstein Co., L.P.A., and Bruce S. Goldstein, for appellant.
Reminger Co., L.P.A., and Brian D. Sullivan, Kenneth P. Abbarno, and Martin T. Galvin, for appellees Stephen L. Stillwagon, Ace Doran Rigging & Hauling Company, and Ace Doran Brokerage Company.
{¶ 25} In Hageman, although the vote on the ultimate issue was split, all justices agreed that the husband had waived his physician-patient privilege when he filed a counterclaim that placed his medical condition at issue. See id. at ¶ 14 (Moyer, C.J., joined by Pfeifer and Lanzinger, JJ.); ¶ 23 (Cupp, J., concurring in syllabus and judgment only, joined by O’Connor, J.); and ¶ 32 (O’Donnell, J., dissenting, joined by Lundberg Stratton, J.). That counterclaim is properly seen as an “other type of civil action” within the meaning of the statute. But I now respectfully disagree that the phrase “any other type of civil action” was meant to extend to every type of claim, particularly a claim such as the cross-claim in this case, which does not relate to a personal injury or other health issue but merely to indemnification or contribution.
{¶ 26} Laurence’s medical condition is not at issue. Her medical records are protected by R.C. 2317.02(B)(1), and the privilege was not waived in this pending lawsuit. She is entitled to a protective order, and on these grounds, I dissent.
Pfeifer and O’Neill, JJ., concur in the foregoing opinion.